## MacDonough *vs.* Gaynor and Gaynor.

1. The writ of *ne exeat* will issue only for an equitable demand; and an action for an account is an equitable demand for which it will issue.

2. It must appear by positive proof, that there is a certain sum actually due, except in account, when the proof must show *some* sum due, the amount of which may be sworn to according to belief.

3. The writ will be issued against a non-resident temporarily here, even if not in the state at the time; and it is not necessary that it should appear he is about to depart to avoid the jurisdiction, if his departure will defeat the suit.

4. If the writ is served, no subpœna is necessary; and the party cannot be discharged upon affidavit, but must make answer.

5. In cases where the court feels constrained to discharge the writ, it will often require security to abide the decree.

6. A *capias* where a *ne exeat* should have been sued out, and a bond taken thereon, simply to appear at court in the cause on the first day of the next term, are irregular and will be set aside. But the order being right, the defendants were ordered to give bond with security to answer and abide the decree of the court. Upon these terms, writ and bond set aside with costs.

This cause was heard upon a motion to discharge the defendants, who were arrested and gave bond on a writ of *ne exeat,* from the arrest and their bond, and also to discharge the order.

*Mr. Dumont,* in support of the motion.

*Mr. Shipman,* contra.

The Chancellor.

There are certain settled rules of practice in courts of equity as to the writ of *ne exeat,* which, so far as relate to the questions before the court, are these:

1. That the writ will issue only for an equitable demand, and that an action for an account is an equitable demand for which it will issue. 2 *Story's Eq. Jur.,* § 1470–1–3

3 *Daniell's Chan. Prac.* 1802 a; *Anon.*, 2 *Atk.* 210; *Porter* v. *Spencer*, 2 *Johns. C. R.* 169.

2. It must appear by positive proof, that there is a certain sum actually due, except in account, when the proof must show some sum due, the amount of which may be sworn to according to belief. 3 *Daniell's Chan. Prac.* 1806; *Rico* v. *Gualtier*, 3 *Atk.* 501; *Thorne* v. *Halsey*, 7 *Johns. C. R.* 189.

3. That it will be issued against a non-resident temporarily here, even if not in the state at the time, and it is not necessary that it should appear he is about to depart to avoid the jurisdiction, if his departure will defeat the suit. *Parker* v. *Parker*, 1 *Beas.* 105; *Yule* v. *Yule*, 2 *Stockt.* 138; 3 *Daniell's Chan. Prac.* 1806–8; *Atkinson* v. *Seward*, 3 *Bro. C. C.* 218; *Howden* v. *Rogers*, 1 *Ves. & B.* 129; *Woodward* v. *Schatzell*, 3 *Johns. C. R.* 412.

4. That if writ is served, no subpœna is necessary; and party cannot be discharged upon affidavit, but must make answer. *Russell* v. *Asby*, 5 *Ves.* 98.

5. That in cases where the court feels constrained to discharge the writ, it will often require security to abide the decree. *Parker* v. *Parker*, 1 *Beas.* 105; *Howden* v. *Rogers*, 1 *Ves. & B.* 129; *Roddam* v. *Hetherington*, 5 *Ves.* 91.

In this case, the defendants had been engaged as partners with the complainant in constructing, by contract, some sections of the Morris and Essex railroad. The partnership was dissolved, and the complainant was engaged in constructing one portion of the sections, and the defendants another portion of the sections, which had, upon the dissolution, been divided by agreement. Both the defendants resided in Pennsylvania, and came over into this state while engaged in finishing their contract, and there was nothing to keep them in this state except their contract.

The affidavit states that there is nothing else to detain them in this state; that the work is rapidly approaching completion; and upon information and belief, that they intend to depart from this state. It is stated on oath, that they are indebted to the complainant on account of the partnership

transactions; that a certain sum is due, and a much larger sum is believed to be due. The bill is for an account.

The writ issued was in the form of the common *capias* at law, and the bond taken was simply to appear at court in the cause on the first day of the next term.

The suit is for an account, a proper suit in equity in case of partnership. The affidavit that defendants are indebted in an amount stated according to belief, is sufficient. And the defendants, although non-residents, are liable to this writ.

The facts as to their residence, the cause of their being in the state, and that their work is near its completion, are facts to show that they will shortly leave the state, and the proof of these, with an affidavit of that intention, according to information and belief, is sufficient to sustain the order.

The writ and bond are both irregular, and must be set aside. But as the order is right, and must be sustained, the defendants will be ordered to give bond with security, in the sum of two thousand dollars, to answer and abide the decree of the court.

Upon these terms, the writ and bond must be set aside with costs.